PFANDLER BARM EXTRACTING BUNGING APPA-RATUS COMPANY, RESPONDENT, *v.* CASPAR PFANDLER AND OTHERS, APPELLANTS.

*Costs — traveling fees of a witness — when allowed from the place of service of the subpœna — copy of stenographer's minutes — when the amount paid for it will not be allowed as a disbursement.*

Upon the trial of this action the plaintiff subpœnaed a witness who was then in the city of New York on business, but whose permanent residence was Rochester. The witness having refused to attend unless paid his statutory traveling fees, as computed from New York, the plaintiff paid him that amount.

*Held*, that in the absence of any evidence to show that the plaintiff had been guilty of negligence in not sooner subpœnaing the witness, the amount so paid was properly taxed, with the costs.

The plaintiff procured from the stenographer a copy of his minutes for which he paid forty dollars, which was allowed as a disbursement. The trial judge made a certificate in which he stated that on the trial he desired the stenographer's minutes to be furnished to the court, and that the stenographer's fees be taxed as a disbursement.

*Held*, that as it did not appear that the plaintiff's copy was procured or used for that purpose the item should have been disallowed.

APPEAL from an order of the Monroe Special Term, denying the defendants' motion for a retaxation of the plaintiff's costs.

The action was tried at the Monroe Special Term.

*J. & Q. Van Voorhis*, for the appellants.

*Theodore Bacon*, for the respondent.

BARKER, J.:

The travel fees paid the witness Hawley were properly allowed. At the time of the trial the witness' permanent residence was in the city of Rochester. When subpœnaed he was temporarily in the

city of New York on business. He refused to attend unless he was paid the statutory travel fees. The plaintiff thereupon complied with this demand and paid him thirty-three dollars and thirty cents. Hawley made an affidavit that he was obliged to travel from the city of New York to the city of Rochester for the purpose of attending the trial, and after it was over to return to New York.

Upon these facts and circumstances the parties submit the question as to the right of the plaintiff to tax the fees of the witness. We cannot say that the plaintiff was in fault in omitting to serve a subpœna on the witness, at his permanent home, before he left on business for the place where he was found and served. As it appears that the witness was compelled to make the journey in obedience to the demands of the process, it was just and proper for the plaintiff to indemnify him for his traveling expenses. The rule is to allow travel fee when paid to a witness in such cases, unless it appears that the party was in fault and guilty of negligence, in omitting to serve the subpœna before the witness left his home.

In view of the facts as disclosed, it was incumbent on the party resisting the allowance to show the fault of the party paying the travel fee. (3 Wait's Pr., 303 ; 2 Abb. N. Y. Dig., 413.)

The plaintiff procured from the stenographer a copy of the evidence, whose fees amounted to forty dollars and five cents, which was allowed as an item of disbursement in the bill of costs as taxed. The affidavit as to the disbursements was made by the plaintiff's attorney, and it states that the items of disbursement set forth in the bill were "actually made and incurred." The trial judge made a certificate, in which he stated that on the trial he desired the stenographer's minutes to be furnished the court, and that the stenographer's fees be taxed as a disbursement.

The defendant presented an affidavit, that at the close of the trial he called for and procured a copy of the stenographer's notes, for which he paid. It does not appear that the court used the copy procured by the plaintiff, or that it was obtained by him for that purpose. For this reason that item should have been disallowed. The judge's direction to the stenographer for a copy of the minutes of the trial did not direct that the fees be paid by either party, and it is therefore to be presumed, if a copy was in fact made for the use of the court, it was without any charges to be paid therefor. (Code of Civ. Pro., § 84.)

The order is modified by directing the costs to be readjusted, striking out the item of forty dollars and five cents, stenographer's fees, and striking out the allowance of costs to the respondent on the motion at Special Term. No costs of this appeal to either party.

Present — SMITH, P. J., BARKER, HAIGHT and BRADLEY, JJ.

Order modified by striking out the bill of costs, the item forty dollars and five cents stenographer's fees, and as modified affirmed, without costs of this appeal to either party.